IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-64-F

| | | |
|---|---|---|
| ODELL L. EWING III,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. A. SILVIOUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Odell L. Ewing III ("Ewing" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1], along with a memorandum in support [D.E. 1-1]. Ewing names as defendants the City of Raleigh Police Department ("RPD"), Raleigh Police Officer J.A. Silvious, and Raleigh Police Officer K. Kinney. Id. at 2–3. Ewing seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On May 17, 2011, Ewing filed a motion for appointment of counsel and an investigator [D.E. 9]. On May 26, 2011, Ewing filed a request for discovery [D.E. 10]. On June 2, 2011, Ewing filed another motion for appointment of counsel [D.E. 11]. On June 8, 2011, Ewing filed a notice regarding discovery [D.E. 12]. On August 25, 2011, Ewing requested information concerning the status of his case [D.E. 13]. As explained below, the court dismisses the complaint as frivolous and denies plaintiff's motions.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state

---

[1] Ewing is a familiar litigant in this district. See Ewing v. State of North Carolina, No. 5:10-HC-2162-D (E.D.N.C. May 25, 2011) (dismissing § 2254 petition without prejudice to permit exhaustion of state court remedies); Ewing v. Cutler, No. 5:11-CT-3129-F (E.D.N.C. Oct. 28, 2011) (dismissing § 1983 complaint as frivolous); Ewing v. State of North Carolina, No. 5:11-HC-2173-D (E.D.N.C.).

a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

On July 21, 2009, Ewing was convicted in Wake County Superior Court of taking indecent liberties with a child, and was sentenced as a habitual felon. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0573494 (last visited Nov. 16, 2011); see Mem. Supp. Compl. 7. Ewing challenges various pretrial proceedings, including whether Officers Silvious and Kinney properly informed him of the charges against him (which he asserts is a violation of N.C. Gen. Stat. § 15A-501) or informed him of his Miranda rights, and whether they fully investigated the case. Id. 10-11, 20, 22. Ewing additionally alleges that Officer Silvious testified falsely at trial. Id. 10. Ewing alleges that RPD "could be liable for failure

2

Case 5:11-cv-00064-F Document 14 Filed 11/17/11 Page 2 of 5

to train and supervise officer(s) if officer(s) are found to have violated plaintiff'(s) constitutional rights because officer(s) were acting in accordance with custom, policy, and practi[c]e." Id. 26. Ewing also asserts an unspecified equal protection claim, along with "suffering of physical injury as a result of the alleged violation(s)[,] . . . atypical significant hardship[,] . . . deliberate indifference[,] . . . mental and emotional suffering[,] . . . denial of due process[,] . . . cruel and unusual punishment[,] . . . violation of constitution policy and custom(s) of a municipal government organization[,] . . . violation(s) of ordinance(s) and regulation(s) promulgated by the administration authority governing policie(s) and procedure(s) of the [RPD,] . . . 'personal relationship,' and a 'private duty' exist(s) policie(s), and custom(s) governed by the [RPD, and] . . . 'public duty doctrine'[.]" Id. 4-5. On all his claims, Ewing seeks declaratory and injunctive relief, $2,000 in nominal damages, $1 million in compensatory damages, and $2 million in punitive damages from each defendant, and for "his sentence to be withdraw[n] along with all punishment(s)" and for "his point level return as they were." Id. 34; see also id. 25 ("Any structure sentencing given due to an unconstitution[al] arrest must be withdraw[n] and ommitted [sic]").

To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Here, Ewing contends that his

3

conviction is invalid. Because Ewing's conviction has not been overturned or otherwise invalidated, Ewing may not proceed with his section 1983 claim. Moreover, this court has previously warned plaintiff that he may not circumvent habeas corpus procedural requirements by filing a section 1983 complaint, see Ewing v. Cutler, No. 5:11-CT-3129-F, [D.E. 7] at 3 (E.D.N.C. Oct. 28, 2011), and for the reasons stated in that order, the court declines to convert plaintiff's complaint into a habeas petition. Additionally, as for the defendant City of Raleigh Police Department, it is not a person amenable to suit. See Cooper v. Brunswick Cnty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4 n.2 (E.D.N.C. Feb. 7, 2011) (collecting cases), report and recommendation adopted by 2011 WL 736670 (E.D.N.C. Feb. 23, 2011) (unpublished). Thus, Ewing's claims against this defendant is dismissed as frivolous.

To the extent Ewing attempts to assert an equal protection claim, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Ewing has not stated that he was treated differently from any person with whom he is similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Ewing has not made plausible allegations to support his equal protection claim. Likewise, the remainder of Ewing's claims are wholly conclusory allegations which fail to meet the requirements of notice pleading. See Fed. R. Civ. P. 8. Simply put, plaintiff has failed to give defendants notice of their claims or the factual basis upon which they rest. See,

4

e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Coleman, 626 F.3d at 190. Thus, the court dismisses this claim as frivolous. Thus, Ewing has failed to state a claim on which relief may be granted.

As for Ewing's motions for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case, and Ewing's abilities do not present exceptional circumstances. Accordingly, the court denies Ewing's motions to appoint counsel.

For the reasons stated, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915(e)(2)(B), and DENIES plaintiff's motions [D.E. 9, 11]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED.

This 17th day of November 2011.

JAMES C. FOX
Senior United States District Judge