IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00064-F

| | | |
|---|---|---|
| ODELL EWING, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| J.A. SILVIOUS, et al., | ) | |
|     Defendants. | ) | |

This matter is before the court on a Motion for Summary Judgment filed by J.A. Silvious (hereafter "Defendant") [DE-59] and Plaintiff's Motion for Summary Judgment [DE-68]. Also before the court are Defendant's Motion to Take Deposition from Plaintiff [DE-62]; Defendant's Motion to Compel [DE-63]; Defendant's Amended Motion to Compel [DE-65]; Plaintiff's Motion to Amend the Scheduling Order [DE-70]; Plaintiff's Motion for Settlement or Trial Hearing [DE-73]; and Plaintiff's Second Motion for Settlement or Trial Hearing [DE-74]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment are DENIED without prejudice to renew; Defendant's Motion to Take Deposition from Plaintiff and Defendant's Amended Motion to Compel are ALLOWED; Defendant's Motion to Compel and Defendant's Motion to Amend the Scheduling Order are DISMISSED as moot; and Plaintiff's Motion for Settlement or Trial Hearing and Plaintiff's Second Motion for Settlement or Trial Hearing are DENIED.

## I. STATEMENT OF THE CASE

On February 11, 2011, proceeding *pro se*, Plaintiff filed this action pursuant to 42 U.S.C.

§ 1983 against the following defendants: J.A. Silvious, K. Kinney, and Raleigh Police Department. *See* Complaint [DE-1]. The court performed a frivolity review of the case, and on November 17, 2011, the court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-14.] Plaintiff appealed to the Fourth Circuit Court of Appeals. [DE-16.]

The Fourth Circuit held that this court erred by dismissing Plaintiff's excessive force claim against Officer Silvious. [DE-20.] The Fourth Circuit noted: "In his complaint, Ewing alleged that Officer Silvious used excessive force against him by applying pepper spray while he was handcuffed and by refusing to provide water to wash the spray from his face; he also claimed to have suffered physical injury." *Id.* The Fourth Circuit vacated this court's dismissal of Plaintiff's excessive force claim against Defendant and remanded the case for further proceedings. *Id.*

## II. DISCUSSION

### A. Motions for Summary Judgment

#### 1. Standard of Review

At summary judgment, the court must examine the evidence presented by both parties and determine if there is a genuine issue for trial. *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 283 (4th Cir. 2013). The court examines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Where the moving party shows there is no genuine issue of material fact, the burden shifts to the nonmoving party to come forward with evidence to demonstrate an issue of fact exists. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005).

2

An issue of fact is genuine if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248. A fact is material if proof of the fact might affect the outcome of the case under the substantive law. *Id.* When evaluating the evidence, it must be viewed in the light most favorable to the nonmoving party. *Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, such that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## 2. Discussion

In his statement of the events which transpired on March 28, 2008, Defendant states that he decided to make a physical arrest of Plaintiff for an open container violation and he so advised Plaintiff. Decl. of Det. J.A. Silvious, ¶ 14. In response, Plaintiff stated, "You ain't putting me in that car. I am not going to jail. You are not sending me back." *Id.* Defendant then tried to put Plaintiff in his patrol car, but Plaintiff used his body to shut the door. *Id.* at ¶ 15. Defendant asserts that Plaintiff advised him that he was never getting into the patrol car. *Id.*

Defendant contends that he drew his pepper spray and warned Plaintiff that he would use the pepper spray if Plaintiff did not get into the patrol car. *Id.* at ¶ 17. According to Defendant, he warned Plaintiff two additional times that he would use pepper spray on him if he did not get into the patrol car. *Id.* Plaintiff continued to push against Defendant and stated, "I am never going to get in that car. You are not going to send me back, I just got out." Decl. of Det. J.A. Silvious, ¶ 17.

Defendant asserts that he applied a "single burst" of pepper spray which lasted

3

approximately one second. *Id.* at ¶ 18. Defendant contends that Plaintiff immediately got into the patrol car and sat down. *Id.* Defendant further contends that he promptly transported Plaintiff to the closest fire station. *Id.* at ¶ 21. Defendant asserts that at the fire station, water was turned on and made available to Plaintiff so that he could wash his eyes. *Id.* at ¶ 22. Defendant states that Plaintiff refused to use the eye station and knocked it over. *Id.* Defendant further states that water ran over the ground, and Plaintiff wallowed on the ground in the water. Decl. of Det. J.A. Silvious, ¶ 22.

In Plaintiff's version of the events, he alleges that he was in handcuffs the entire time excessive force was used against him. Def's First Request for Admission to Pl. [DE-59-7], p. 15. Further, Plaintiff alleges that Defendant used mace on his eyes without any type of warning at "point blank range." *Id.*

At the fire department, Plaintiff contends that he was "teased" with the water supply. *Id.* at p. 16; Complaint [DE-1-1], p. 15. Plaintiff further contends that he had to spit on the ground and wipe his face in it in an effort to regain his eyesight. Def's First Request for Admission to Pl. [DE-59-7], p. 16; Complaint [DE-1-1], p. 16. Plaintiff alleges that he had to rub his face on the wheels of the patrol car to help himself because he was being restrained in handcuffs. Def's First Request for Admission to Pl. [DE-59-7], p. 16. Finally, Plaintiff alleges that the day after the incident with Defendant, he had "welps around [his] wrists and red bruises on [his] biceps near [his] arm pits." *Id.*

In light of the foregoing inconsistent recitations, the court believes that the record is insufficient to allow either party's motion for summary judgment. Once more discovery has taken place, the parties may renew their motions. Accordingly, Defendant's Motion for

4

Case 5:11-cv-00064-F   Document 77   Filed 03/18/14   Page 4 of 7

Summary Judgment is DENIED, and Plaintiff's Motion for Summary Judgment is DENIED. The case is REFERRED to United States Magistrate Judge Webb to establish an expedited discovery schedule.

**B. Defendant's Motion to Take Deposition from Plaintiff**

Defendant has moved pursuant to Rule 30(a) of the Federal Rules of Civil Procedure for an order allowing him to take Plaintiff's deposition. As noted above, the court believes that additional discovery is necessary. Accordingly, Defendant's Motion to Take Deposition from Plaintiff is ALLOWED. Defendant may take Plaintiff's deposition at the prison facility where Plaintiff is housed at the time of the deposition. Defendant has requested that a guard be present during the deposition, and this request is ALLOWED.

**C. Defendant's Motion to Compel and Amended Motion to Compel**

Defendant has filed a Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. Specifically, Defendant is moving for an order compelling Plaintiff to produce documents requested in Defendant's First Request for Production of Documents to Plaintiff. In his Amended Motion to Compel, Defendant states that after the Motion to Compel was filed, Defendant's counsel received Plaintiff's second response to the Defendant's First Request for Production of Documents to Plaintiff. Defendant states, however, that Plaintiff failed to adequately respond to three of the eight requests.

In light of the foregoing, Defendant's Motion to Compel is DISMISSED as moot. Further, Defendant's Amended Motion to Compel is ALLOWED. Plaintiff is to produce all documents sought in Requests 2, 3, and 5 of Defendant's First Request for Production of

5

Documents within thirty days.[1]

**D. Plaintiff's Motion to Amend the Scheduling Order**

In his Motion to Amend the Scheduling Order, Plaintiff requests that this court consider his motion for summary judgment. As set forth above, the court has considered Plaintiff's motion for summary judgment and has determined that the motion is premature. Accordingly, Plaintiff's Motion to Amend the Scheduling Order is DISMISSED as moot.

**E. Plaintiff's Motions for Settlement or Trial Hearing**

In his Motions for Settlement or Trial Hearing, Plaintiff requests that this case be set for trial or a settlement hearing. The court believes that Plaintiff's request is premature. Accordingly, Plaintiff's Motion for Settlement or Trial Hearing and Plaintiff's Second Motion for Settlement or Trial Hearing are DENIED.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [DE-59] and Plaintiff's Motion for Summary Judgment [DE-68] are DENIED without prejudice to renew. This case is REFERRED to United States Magistrate Judge Webb to establish an expedited

---

[1]The specific requests at issue provide:

2. Any and all medical records and reports, including jail and prison records, doctors' office and hospital records, reports, notes or orders, hospital charts and any other document for any care you received from 03/28/2005 to the present date.

3. All documents relating to your physical or mental condition from January 1, 2008 to the present.

5. Documents regarding any claim you have made against correction officers, law enforcement officers or victims of crimes.

6

discovery schedule. Additionally, Defendant's Motion to Take Deposition from Plaintiff [DE-62] and Defendant's Amended Motion to Compel [DE-65] are ALLOWED; Defendant's Motion to Compel [DE-63] and Plaintiff's Motion to Amend the Scheduling Order [DE-70] are DISMISSED as moot; and Plaintiff's Motion for Settlement or Trial Hearing [DE-73] and Plaintiff's Second Motion for Settlement or Trial Hearing [DE-74] are DENIED.

SO ORDERED.

This, the 18th day of March, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge